```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**BARRY CHATAGNIER,**

                              **Plaintiff,**

          v.                              CASE NO. 07-3031-SAC

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                              **Defendants.**

<u>**O R D E R**</u>

    Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Wichita Work Release Facility in Wichita, Kansas. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Plaintiff seeks injunctive relief and damages, including compensation for mental anguish, on various allegations of being denied his constitutional right of access to the courts. Plaintiff claims he is denied reasonable access to the Sedgwick County law library and notarization of his pleadings, and claims facility staff are hostile and unprofessional.

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §

1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). Thus, plaintiff's claim that defendants violated state or facility regulations, on its face, states no cause of action under 42 U.S.C. § 1983.

While a prisoner still retains a fundamental right of access to the courts, there is no independent right of access to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 346 (1996). *See also* To state an actionable claim for the deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." Id. at 351. Here, plaintiff fails to any facts that he actually was impeded in his ability to file a nonfrivolous lawsuit. Absent such a showing, the complaint is subject to being dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff has no right to the assistance of counsel in this civil action, Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989), and the court finds the facts and legal issues associated with plaintiff's claims do not warrant the appointment of counsel at this time.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with the remainder of

the $350.00 district court filing fee to be paid as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 27th day of August 2007 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
